```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DEANNA MICOCCI                  :     CIVIL ACTION
                                :
          v.                    :
                                :
ALLSTATE INSURANCE COMPANY      :
d/b/a ALLSTATE                  :     NO. 03-5376
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        April 11, 2006

       The complaint in this case was filed on September 24, 2003. Trial was originally scheduled to take place in November 2005, but has been rescheduled (pursuant to stipulations between counsel), and is now scheduled to take place on April 24, 2006. Counsel have recently seen fit to file a flurry of motions – approximately 19 in all.

       The only significant issue for trial is whether the defendant, Allstate, had a duty to defend the plaintiff in a state-court lawsuit, and that issue is largely dependent upon whether Allstate received due notice of the state-court litigation. The case originally involved another defendant, GEICO, but that firm is no longer a party.

       As between plaintiff and the defendant, Allstate, the record reflects that, until March 24, 2006, the defendant, Allstate, had filed 12 motions, and plaintiff had filed 11. Since March 24, 2006, Allstate has filed an additional 12 motions, and plaintiff has filed 3. The only motions of any real

significance are cross-motions for summary judgment, and defendant's motion for postponement of the trial.  Since there are, plainly, disputed issues of fact, the cross-motions for summary judgment will be denied.  Since the parties have had ample time to prepare for trial, and have been aware of the date for months, the motion for continuance of the trial will also be denied.

Allstate's remaining motions include 8 motions *in limine*, all of which seem pointless and unnecessary.  Some seek to prevent plaintiff's counsel from causing a mistrial by advancing improper argument, and some are equally frivolous for other reasons.  It seems clear that counsel are more interested in annoying each other than in advancing meritorious positions.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DEANNA MICOCCI                    :      CIVIL ACTION
                                  :
          v.                      :
                                  :
ALLSTATE INSURANCE COMPANY        :
d/b/a ALLSTATE                    :      NO. 03-5376
```

ORDER

AND NOW, this 11th day of April 2006, IT IS ORDERED:

1. Plaintiff's motion for summary judgment is DENIED.

2. The motion of defendant, Allstate, for summary judgment is DENIED.

3. Allstate's motion to postpone the trial is DENIED. The trial remains scheduled for April 24, 2006.

4. All other pending motions are DENIED.

5. After the conclusion of the trial, counsel will be afforded an opportunity to show cause why sanctions should not be imposed, for violations of 28 U.S.C. § 1927.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.

3